ROBERT R. PRANN, Plaintiff and Appellant, *v.* FÉLIX BENÍTEZ REXACH ET AL., Defendants and Appellees.

No. 6015. Argued June 25, 1932.—Decided July 6, 1932.

*Juan B. Soto* for appellant. *R. Buscaglia* for appellee, Benítez Rexach.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The original complaint in this case was filed on June 27, 1929. The last amendment, the fourth, was made on March 2, 1931, and it gave rise to the judgment rendered dismissing the complaint as to all the defendants and from which the plaintiff has taken the present appeal.

Said complaint was filed by Robert R. Prann against Félix Benítez Rexach, Guillermo Esteves, Acting Commissioner of the Interior, and the persons composing the San Juan Harbor Board and the Board of Awards of the Department of the Interior of Puerto Rico. Defendant Benítez Rexach filed a motion to strike out certain particulars from the complaint, and the court granted the motion. The other defendants interposed a demurrer, on the ground of insufficiency, which was also sustained by the district court, and subsequently at the instance of the plaintiff the judgment appealed from was rendered.

Defendant Benítez Rexach moved us to dismiss the appeal on the ground that the notice of appeal had not been served on all of the defendants; but this motion was denied because, although no notice of the appeal had been served on the various defendants with the exception of Benítez Rexach, an affirmance or reversal of the judgment in so far as it concerned Benítez Rexach, would not have deprived

the other defendants of any right or benefit accruing to them from said judgment.

Subsequent to the above decision, the appellee Benítez Rexach has presented to us another motion to dismiss based on five grounds. The first one is that, as his codefendants have been discarded by reason of the failure to serve them with notice of the appeal, such appeal which only seeks to determine whether or not the decision of the lower court in striking certain particulars from the fourth amended complaint was erroneous, has been rendered frivolous. By the second ground it is urged that a decision of this appeal would be unavailing inasmuch as it would serve no practical purpose to determine whether the ruling on the motion to strike out was erroneous or not, for even if it were erroneous this suit can not be continued, since a final (*firme*) judgment has already been rendered in favor of the other defendants. We have grouped together these two grounds of appeal because they are interrelated, as they both have reference to the allegations of the complaint.

It is alleged in the fourth amended complaint that the Commissioner of the Interior is a member of the San Juan Harbor Board; that in his capacity as such commissioner and member of said board, he advertised for bids for the construction of a bulkhead pier in the San Juan Harbor, north of the San Antonio Channel, it being further alleged that the harbor board reserved the right to accept or reject any and all bids submitted and to award the contract on other basis than price alone; that the board of awards, charged with the duty of passing upon the bids submitted for that work, awarded the contract to the defendant, Benítez Rexach, on May 22, 1929, the work to be constructed within a year, and the contract was approved by the Commissioner of the Interior.

The complaint charges the existence of ambiguity in the specifications for the work; that a more advantageous bid

for the work could have been obtained; and it contains other allegations which we need not now state. The purpose sought by that complaint is to have the decision of the Board of Awards, awarding the construction contract to Benítez Rexach, and the project for said work declared null and void, as well as to have Benítez Rexach return to the People of Puerto Rico whatever fund he may have received by virtue of said award and construction contract.

One of the particulars ordered to be stricken out by the lower court reads as follows:

"That the specifications for said contract, contained in said enabling plan, are ambiguous, obscure, indefinite, and insufficient to duly inform the public and those who might desire to bid as to the true conditions and exact terms of the contract for which the bids were called, nor to assure lawful competition, on equal terms, between all the persons who submitted or desired to submit their bids for said work; that said specifications contain several paragraphs in article 7 and one paragraph in article 23 thereof, in which, contrary to what is alleged in the fifth paragraph of this complaint to have been stated by the Commissioner of the Interior of Puerto Rico, it is set forth that no payment will be made for any refilling done with any material dredged or dug from the trench to be opened for the construction of said bulkhead pier, to be found within the limits marked out for the deposit of said material."

The specifications to which the above quoted paragraph refers were not attached to the complaint, nor do the particulars thereof appear from that pleading, for which reason said paragraph contains nothing more than the conclusions of the defendant with respect to the said specifications and, hence, it was properly stricken out.

The eighth averment is more or less on the same footing with the sixth one, as it reads thus:

"That the obscurity, ambiguity, and insufficiency of said specifications tended to limit, and did limit, the number of bidders and the bids for the construction of the aforesaid work, to the prejudice of the interest of the People of Puerto Rico, and particularly of those of the Insular taxpayers, and to deprive all persons who bid

or might have desired to bid for said work of the right of lawful competition on equal terms."

The same may be said with reference to the following particular stricken from the sixteenth paragraph:

". . . ; and that the execution of said work by the defendant Félix Benítez Rexach pursuant to the award of said contract, is prejudicial and harmful to the interest of the People of Puerto Rico generally, and particularly to those of the plaintiff, as a taxpayer."

From what has been said, it may be readily concluded that the decision appealed from as to Benítez Rexach is so clear and justified that it would be useless to pursue this appeal.

To allow the further prosecution of this appeal would also be unavailing, because as the return of the money claimed from the appellee Benítez Rexach would be dependent upon the annulment of certain acts executed by the Commissioner of the Interior under the awarded construction contract, and as the judgment which decreed that there was no cause of action as against the codefendants of Félix Benítez Rexach has become final, it would be impossible to continue this suit and to decree said nullities in the absence of any of the persons who participated in said acts and contracts, and who are necessary parties to such suit.

For the reasons stated the appeal should be dismissed.